IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EDWARD BISSAU MENDY**                                                           **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO.: 3:25-cv-15-MPM-JMV**

**JOSHUA GRANT COPELAND, ET. AL.**                                      **DEFENDANTS**

<u>**ORDER GRANTING MOTION TO COMPEL**</u>

This matter is before the Court on the motion of Defendants Leslie Transport, LLC and Joshua Grant Copeland, requesting the Court to compel Plaintiff to fully and timely respond to Defendants' First Set of Interrogatories and First Set of Request for Production of Documents propounded on November 18, 2025, and to supplement his incomplete initial disclosures with evidence to support his claims. [Doc. 81]. Plaintiff failed to timely respond to the motion to compel. The motion is now ripe, and for the reasons provided below, it shall be granted.

Plaintiff's failure to provide discovery responses after repeated requests is detailed throughout the record and in Defendants' motion to compel. Defendants propounded discovery to Plaintiff on November 18, 2025 [Doc. 61]. Plaintiff failed to provide timely responses to the written discovery. During a telephonic conference on December 30, 2025, Defendants' attorney asked Plaintiff when he would provide his responses to discovery, and Plaintiff informed defense counsel that he could likely provide his responses in ten (10) days, but would let Defendants know by January 2, 2026, when they could expect his responses. *See* [Doc. 81] at Ex. B. On January 9, 2026, undersigned counsel again reached out to Plaintiff regarding his overdue discovery responses, and again asked when his responses could be expected. *See id.* at Ex. C. No response to the January 9, 2026, email was received. On January 12, 2026, defense counsel again contacted Plaintiff for a third time requesting his discovery responses and defense counsel also inquired

1

about Plaintiff's initial disclosures. *See id.* at Ex. D. Plaintiff responded that he would provide responses by January 16, 2026, which did not occur.[1] *See id.* at Ex. E.

On January 19, 2026, defense counsel requested a telephonic conference with the Court in order to address the ongoing discovery dispute with hopes of avoiding a motion to compel discovery. The Court noticed a telephonic status conference for January 20, 2026. [Doc. 79]. The conference was held on January 21, 2026, but Plaintiff failed to appear, as he informed the Court approximately two hours prior to the conference via email to the undersigned's chambers inbox that he was on a plane to Nairobi. [Doc. 80]. In its minutes, the Court instructed the parties that if they sought relief from the Court, a motion should be filed. *See id.*

Defendants aver that as of the date of the filing of the motion to compel, Defendants still have not received Plaintiff's discovery responses, and Plaintiff has not produced any medical records, medical bills, or evidence of lost wages to support his claims as required by the Federal Rules of Civil Procedure. Plaintiff failed to respond to the motion to compel.

Accordingly, the Court will **GRANT** the Defendants' Motion [Doc. 81]. **THUS, PLAINTIFF IS HEREBY ORDERED TO:**

1) fully and completely respond to Defendants' written discovery requests (Interrogatories and Requests for Production of Documents) propounded to Plaintiff on November 18, 2025 within fourteen (14) days of the date of this Order; and

2) supplement his incomplete initial disclosures with evidence to support his claims in accordance with the Federal Rules of Civil Procedure within fourteen (14) days of the date of this Order.

---

[1] Plaintiff did, however, provide signed medical and employment authorizations on January 12, 2026.

Federal Rule of Civil Procedure 37(a)(5)(A) states in relevant part, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). Accordingly, the award of costs is mandatory pursuant to Rule 37 where the motion to compel is meritorious, which the court finds that it is.

**PLAINTIFF IS, THEREFORE, ORDERED** to pay the Defendants' reasonable expenses, including attorneys' fees, which were incurred in making the Motion to Compel [Doc. 81].

The Defendants are instructed to submit the itemized fees and expenses to the Court and Plaintiff within seven (7) days. Plaintiff shall have seven (7) days after submission to make any objections to the reasonableness thereof.

**SO ORDERED** this, the 12th day of February, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**