IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EDWARD BISSAU MENDY**                                                               **PLAINTIFF**

**VERSUS**                                                   Civil Action No. 3:25CV15-MPM-JMV

**JOSHUA GRANT COPELAND, LES
TRANSPORT, PROGRESSIVE
INSURANCE COMPANY, GEICO
INSURANCE COMPANY, ABC
INSURANCE COMPANY, DEF
INSURANCE COMPANY, AND GHI
INSURANCE COMPANY**                                                        **DEFENDANTS**

**ORDER**

      Defendants Leslie Transport and Joshua Grant Copeland have filed a motion to dismiss them from this tort action, pursuant to Fed. R. Civ. P. 12(b)(5), based upon the *pro se* plaintiff Edwaard Bissau Mendy's alleged failure to properly serve process on them. This court notes that it has an increasingly active docket of *pro se* cases, and it has, in recent years, issued a considerable number of orders dealing with the difficulties which *pro se* plaintiffs appear to have in effecting service of process in the manner required by the Federal Rules of Civil Procedure. This court is, of course, required to show considerable leniency to *pro se* plaintiffs, and, based on this fact, along with its general preference for deciding cases on their merits, it has often been willing to find that a *pro se* plaintiff had "good cause" for failing to serve process within the ninety (90) day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure. That Rule provides that:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Importantly, the Fifth Circuit has held that, even without a showing of good cause, a federal court "has discretionary power to extend the time for service," *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008), and this court is generally willing to do so in cases involving *pro se* plaintiffs.

Given the recurring difficulties which this court has observed *pro se* plaintiffs experience in this regard, it believes that any creative solutions or assistance which magistrate judges are able to offer in this context would be quite helpful. For this reason, this court notes with considerable approval that, on May 13, 2025, Judge Virden issued an order directing the Clerk of the Court to serve process on the defendants in this case. [Docket entry 16-1]. In their reply brief on their motion to dismiss, defendants appear to recognize that Judge Virden's order has materially altered the situation relating to the service of process, and defendant Leslie concedes that it has now been properly served with process. Specifically, defendant writes that:

> Then on May 13, 2025, the Court entered an Order Directing The Clerk to Serve Process [DKT # 16]. If the Court elects to use May 13, 2025, as the first day in the 90 day service period then the time period for service of process on Joshua Copeland has not yet run. Plaintiff still has time to serve Copeland prior to the expiration of the 90 day time period to serve Copeland.
> Leslie Transport was served on May 28, 2025. If the Court elects to use the date of filing of the original Complaint, Leslie Transport was not timely served process. However, if this Court elects to use May 13, 2025, as the first day in the 90 day service period, then Leslie Transport concedes it would have been timely served process. Leslie Transport would state that Joshua Copeland no longer works for Leslie Transport.

[Reply brief at 3].

Leslie's statement that "Joshua Copeland no longer works for Leslie Transport" is somewhat cryptic, and it is unclear this court whether defendant is thereby indicating that it is no

2

longer representing him in this case. Regardless, this court will operate from the assumption that the clerk's office is making every reasonable effort to serve process upon Copeland, and, in any event, this court has no intention, as things stand now, of dismissing any defendant based upon service of process issues.[1] This court trusts that the clerk's office, under Judge Virden's supervision, will take all possible steps to ensure that process is properly served in this case.

It is therefore ordered that defendant's motion to dismiss based on improper service of process is denied.

This, the 13th day of February, 2025.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] In so stating, this court notes that defendant's suggestion that the 90 day service period could begin to run before IFP was granted and the case permitted to proceed by the court is not colorable.