IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EDWARD BISSAU MENDY**                                                            **PLAINTIFF**

v.                                                       **CIVIL ACTION NO.: 3:25-cv-15-MPM-JMV**

**JOSHUA GRANT COPELAND, ET. AL.**                         **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART ATTORNEY'S FEES INCURRED IN MAKING THE MOTION TO COMPEL [Doc. 81]

This matter is before the court on the submission of itemized fees and expenses by Defendants Joshua Grant Copeland and Leslie Transport related to the filing of their Motion to Compel [Doc. 81]. The Court has considered the itemization of fees submitted to the Court on February 19, 2026, the *pro se* Plaintiff's failure to object to said itemization,[1] and the applicable law, and awards fees as detailed herein.

### Law and Analysis

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides:

**Payment of Expenses; Protective Orders.**
(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

---

[1] Pursuant to the Order Granting Motion to Compel [Doc. 94], the *pro se* Plaintiff had seven (7) days after Defendants' submission of fees to make any objections to the reasonableness thereof. Defendants submitted their itemized fees on February 19, 2026, in an email to the Court and Plaintiff. Plaintiff failed to timely make any objections to the reasonableness thereof. Instead, on March 3, 2026, the *pro se* Plaintiff sent the following email correspondence to the undersigned as a reply to Defendants' email:

Dear Judge: I am stuck in Kenya and unable to find an affordable ticket back to the United States. The village I am staying in has no power. My host (Drivers @ Alpha Charlie Residences) runs the property on solar and relies on a wireless internet provider for internet service. Unfortunately, the service has been down most of the time I have been here. Internet service at my property, provided by IT Internet Services, also has been suspended due to operator issues. Mason Montgomery does not seem interested in conferring on an amicable resolution. I can understand if he wishes to press advantage or is instructed by his clients to do so. The bottom line, I have not way of monitoring or responding to filings for the foreseeable future. Yours truly, Edward Mendy

>incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Accordingly, the award of costs is mandatory pursuant to Rule 37 where the motion to compel is meritorious, which the Court here found that it was. The Defendants' motion to compel [Doc. 81] was filed on January 27, 2026. Defendants seek attorneys fees in the amount of $1,174.00. This requested total is derived from 4 hours of Hannah Katherine Herrin's time and 2.6 hours of Mason Montgomery's time.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Miller v. Danna*, 2023 WL 35761, at *1 (E.D. La. Jan. 4, 2023). The determination of a reasonable attorney's fee award involves a determination of a "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Russell v. Attala Steel Indus., LLC*, No. 4:22-CV-165-MPM-JMV, 2023 WL 7201128, at *1 (N.D. Miss. Nov. 1, 2023), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Given the attorneys' experience, the undersigned finds the rates claimed by both attorneys ($190/hour for Mason Montgomery and $170/hour for Hannah Katherine Herrin) reasonable and in accordance with other awards in Mississippi federal courts. *See, e.g., Affordable Care, LLC v. JNM Office Property, LLC*, Civ. No. 1:19-cv-827-HSO-RPM, 2022 WL 3271092, at *7–*8 (S.D.

Miss. Aug. 10, 2022) (approving a $310 hourly rate for partners and $250 hourly rate for associates at Lewis, Brisbois, Bisgaard & Smith, LLP); *Volvo Fin. Servs., a division of VFS US LLC v. Williamson*, 2018 WL 1096852, at *2 (S.D. Miss. Feb. 28, 2018) ($225 per hour for senior associates with seven years of experience are reasonable hourly rates in the Southern District of Mississippi); *Gaskill-Clayborn v. Mighty Oaks Child Dev. Ctr., LLC,* No. 1:20-CV-128-DMB-RP, 2021 WL 4317669, at *5 (N.D. Miss. Sept. 22, 2021) (noting that the Northern District of Mississippi has previously approved "a $385 hourly rate for ... an attorney with twenty years of experience; [and] ... a $285 hourly rate for ... an attorney with four years of experience" and, as such, found that a $318 partner rate and a $200 associate rate are reasonable and within the prevailing market rates), citing *Mass. Mut. Life Ins. Co. v. Williamson*, No. 4:15-CV-166, 2020 U.S. Dist. LEXIS 4318, at *4–5 (N.D. Miss. Jan. 10, 2020).

> With regard to the reasonable number of hours expended:
>
> Rule 37(a) of the Federal Rules of Civil Procedure provides that a court may award to the prevailing party the reasonable expenses incurred in making the motion to compel, including attorney's fees. However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel. *Stagner v. Western Kentucky Navigation, Inc.*, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004). To put it more bluntly, Rule 37(a) limits courts to award fees incurred in **securing the order compelling discovery**, not in the buildup of the dispute itself underlying, or necessitating, the motion to compel. (emphasis added) *Id.* (citing *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175-76 (D. Mass. 1985); *SCM Societa Commercial S.P.A. v. Industrial and Commercial Research Corp.*, 72 F.R.D. 110, 112 (N.D. Tex. 1976)); *see also In re Marine*, No. CV 20-2144-JWD-SDJ, 2023 WL 1979358, at *2 (M.D. La. Feb. 13, 2023). Time that would have been expended regardless of the motion to compel must also be excluded. *See Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *3 (W.D. Tex. Feb. 1, 2021).

*Russell,* 2023 WL 7201128, at *2 (N.D. Miss. Nov. 1, 2023).

In the itemization of Defendants' attorneys fees submitted to the Court, the Defendants seek to recover not only the time associated with the motion to compel, but also for time incurred

reviewing the underlying discovery and corresponding with the *pro se* Plaintiff—i.e. time that would have been expended regardless of the motion to compel.

The Court, having conducted a line-by-line analysis of the time to determine the appropriateness of the fee award, finds that the entries totaling 4.0 hours of Hannah Katherine Herrin's time on January 22, 2026, and the entry totaling 0.2 hours of Mason Montgomery's time on January 27, 2026, are "reasonable," as defined by Rule 37(a)(5)(A). As such, the total award due to Defendants as reasonable attorneys fees incurred in making the motion to compel is $718.00.

As provided above, Defendants seek a rate for work performed by Hannah Katherine Herrin, an attorney with the law firm of MGC Law, in the amount of $170 an hour. Defendants seek a rate for work performed by Mason Montgomery, an attorney with the law firm of MGC Law, in the amount of $190 an hour.

Accordingly, Attorney Herrin may recover for 4.0 hours, for a total of $680.00, and Attorney Montgomery may recover for 0.2 hour, for a total of $38.00. Plaintiff shall be required to remit the total of $718.00 to Defendant within forty-five days. Should an extension of time be necessary, Plaintiff may request the same from the Court.

**PLAINTIFF IS, THEREFORE, ORDERED to pay** the Defendants' fees and expenses in the amount of $718.00, which were incurred in making the Motion to Compel [Doc. 81].

**SO ORDERED** this, the 10th day of March, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**