# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**EDWARD BISSAU MENDY**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 3:25-cv-15-MPM-JMV**

**JOSHUA GRANT COPELAND, ET. AL.**                                        **DEFENDANTS**

## ORDER DIRECTING THE CLERK TO ISSUE PROCESS AND FOR THE U.S. MARSHAL TO SERVE NEW DEFENDANTS

This matter is before the Court consistent with the District Judge's April 24th, 2026, order granting leave to amend [Doc. 127], for the purpose of directing service of the newly amended third complaint [Doc. 138] to the Defendants named for the first time in the third amended complaint [Doc. 138].

After filing his initial complaint on January 21, 2025, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C § 1915. [Doc. 7]. When a plaintiff is granted the right to proceed IFP, "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). An IFP plaintiff "is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir. 1987). However, once a plaintiff is aware of possible defects in service of process, they must attempt to remedy them. *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009). The plaintiff—not the court—is obligated to provide information regarding the appropriate defendant and information, including the correct address, necessary to secure good process. *Buckley v. Epps*, No. 4:09CV010-A-S, 2010 WL 2245560, at *1 (N.D. Miss. June 1, 2010).

As an initial matter, it is necessary to identify who the defendants are in the current complaint. The caption of the third amended complaint lists only four non-nominal defendants, Joshua Copeland, Leslie Transport, Progressive Insurance, and GEICO Insurance, all already Defendants in this action who do not require new service of process. [Doc. 138] at 1. However, later in the complaint, while identifying the parties, Plaintiff adds four new Defendants in addition to the four (4) previously named Defendants, including: Blue Hill Specialty Insurance Company, Inc., Drive New Jersey Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company. [Doc. 138] at 6-10. Six pages later, in a section titled "Parties (SUPPLEMENTAL ALLEGATIONS)," Plaintiff states that "Defendants include, without limitation: Progressive Insurance Corporations, Blue Hill Specialty Insurance Company, Inc., Drive New Jersey Insurance Company, Artisan and Truckers Casualty Company, National Continental Insurance Company." Plaintiff then adds "Progressive Express Insurance Company" in the next paragraph. [Doc. 138] at 16. The confusion is compounded when, two pages later, in a section titled "Parties," Plaintiff lists all of the above Defendants except Artisan and Truckers Casualty Company. [Doc. 138] at 18.

However, when identifying National Continental Insurance Company and Progressive Express Insurance Company, Plaintiff writes that each are "not made party as the Progressive Entities are on belief and information responsible for its actions." *Id.* at 18-19. Finally, on page 48 of Plaintiff's complaint in a section titled "Please Serve," Plaintiff identifies the following Defendants: Joshua Grant Copeland, Leslie Transport LLC, The Progressive Corporation, Blue Hill Specialty Insurance Company, Inc, Drive New Jersey Insurance Company, Government Employees Insurance Company, GEICO Casualtty (sic) Insurance Company, and GEICO Indemnity Insurance Company. *Id.* at 48. Thus, between the caption, and four different sections of the complaint, Plaintiff provides four different sets of Defendants. As the Defendants identified

between pages 6 and 10 and listed in the "Please Serve" section on page 48 are identical and the only ones for which Plaintiff provides service addresses for, the Court will treat these as the Defendants in the action.

THEREFORE IT IS ORDERED:

1.  That the clerk shall **issue process for the Defendants named and whose addresses were provided in the Third Amended Complaint [Doc. 138], as follows:**

**Blue Hill Specialty Insurance Company, Inc.**
**6300 Wilson Mills Road**
**Mayfield Village, Ohio 44143**

**Drive New Jersey Insurance Company**
**6300 Wilson Mills Road**
**Mayfield Village, Ohio 44143**

**GEICO Casualty Insurance Company**
**1 GEICO Blvd.**
**Fredericksburg, VA 22412**

**GEICO Indemnity Insurance Company**
**1 GEICO Blvd.**
**Fredericksburg, VA 22412**

2.  That the U.S. Marshal shall serve process on these Defendants as directed in the summons in accordance with 28 U.S.C. § 1915.[1]

 **SO ORDERED**, this, the 13th day of May, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Fed. R. Civ. P. 4(h) provides that service of a corporation, partnership, or association may be accomplished as follows: Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.