**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**EDWARD BISSAU MENDY** **PLAINTIFF**

**VERSUS** **Civil Action No. 3:25CV15-MPM-JMV**

**JOSHUA GRANT COPELAND, LES TRANSPORT, PROGRESSIVE INSURANCE COMPANY, GEICO INSURANCE COMPANY, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, AND GHI INSURANCE COMPANY** **DEFENDANTS**

**ORDER**

Defendant Drive New Jersey (DNJ) has filed a Rule 12(b)(2) motion to dismiss based on lack of personal jurisdiction. The *pro se* plaintiff Edward Mendy has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). In this case, the court may assert personal jurisdiction over the defendant if both (1) Mississippi's long-arm statute and (2) due process requirements under the Fourteenth Amendment are satisfied. *Id.* (citing *Cycles*, 889 F.2d at 616). "The proper order when analyzing personal jurisdiction over nonresident defendants is to first consider whether the long-arm statute subjects a nonresident defendant to personal jurisdiction and then to consider whether the

statute's application to that defendant offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Estate of Jones v. Phillips*, 992 So. 2d 1131, 1137 (Miss. 2008); *see Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 331-32 (5th Cir. 1982). Mississippi's long-arm statute is not coextensive with federal due process, and thus, courts must analyze the scope of the statute when a defendant challenges the court's exercise of personal jurisdiction. *Allred*, 117 F.3d at 282.

Under Mississippi's long-arm statute, a court may exercise personal jurisdiction over a nonresident defendant if the plaintiff demonstrates that the defendant satisfies one of the three prongs: the contract prong, the doing business prong, and the tort prong. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) (citing *Adara Networks Inc. v. Langston*, 301 So. 3d 618, 623 (Miss. 2020)); Miss. Code Ann. § 13-3-57 (2007). These prongs are satisfied "if the defendant (1) makes a contract with a resident of Mississippi to be performed in whole or in part in Mississippi; (2) commits a tort in whole or in part in Mississippi; or (3) conducts any business or performs any character of work in Mississippi." *Pace*, 93 F.4th at 894; Miss. Code Ann. § 13–3–57.

In arguing that it is not subject to personal jurisdiction in Mississippi, DNJ writes in its brief that:

> The Third Amended Complaint alleges that Mendy was at all relevant times a citizen and resident of New Jersey and does not allege that he was a resident of Mississippi. Thus, the policy issued by DNJ was not a contract with a resident of Mississippi. In addition, Mendy alleges that DNJ is also citizen and domiciliary of New Jersey, and there are no other allegations that support an inference that the insurance contract nevertheless was to be performed in Mississippi. Therefore, the "contract" prong of the long-arm statute does not apply. Since Mendy is not a resident of Mississippi, and DNJ is alleged to be a resident of New Jersey, then any tort allegedly committed by DNJ against Mendy in connection with cancelling the subject policy would have occurred in New Jersey and could not have occurred in Mississippi. Consequently, the "tort" prong is not applicable. The complaint contains no non-conclusory allegations from which it could be inferred that DNJ is "doing business" in Mississippi. For these reasons, the long-arm statute

would not empower a Mississippi court to exercise jurisdiction over DNJ. Therefore, there is no basis for this Court to exercise personal jurisdiction over DNJ in this action. Even if the long-arm statute afforded a basis for the Court to exercise personal jurisdiction, such exercise would be foreclosed by the Due Process Clause. Even if a state's long-arm statute provides for jurisdiction over a non-resident, a court may not exercise jurisdiction if doing so would violate the non-resident's right to due process under the fourteenth amendment. Whether the exercise of jurisdiction is consistent with due process depends on whether the non-resident has certain "minimum contacts" with the forum state such that "maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Such contacts must be between the non-resident and the forum state, not just between the non-resident and a resident of the forum state. *Iowa Electric Light & Power Co. v. Atlas Corp.,* 603 F.2d 1301, 1303 n. 3 (8th Cir.1979). Minimum contacts with a forum state may exist incident to a federal court's "general" or "specific" jurisdiction over a nonresident defendant. *Guidry* v. *U.S. Tobacco Co.,* 188 F.3d 619, 624 (5th Cir. 1999). Specific jurisdiction depends on a connection "between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). A court may exercise specific jurisdiction where the defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan,* 615 F.3d 364, 368 (5th Cir. 2010). In other words, a court may exercise specific personal jurisdiction only if the claim against the defendant arises out of specific activity of the defendant in the forum state. The "purposefully directed" element means that a defendant may not be subjected to litigation in a state solely because of "random, fortuitous, or attenuated contacts" with the forum state. *Id.* at 369.

Here, as noted, the claims against DNJ arise out of the allegation that it wrongfully cancelled Mendy's personal auto policy shortly before the accident at issue. Those allegations afford no basis for personal jurisdiction over DNJ, because the alleged wrongful actions of DNJ were not purposefully directed at Mississippi. As noted above, Mendy alleges that at all relevant times he was a citizen and resident of New Jersey. Given his domicile and that of the DNJ noted above, any alleged breach of contract, discrimination, fraud, or other wrongful conduct with respect to Mendy necessarily would have occurred in New Jersey, where both Mendy and DNJ were located. Similarly, the alleged conspiracy between DNJ and other "insurance" defendants to deprive Mendy of insurance coverage would have occurred in New Jersey, Ohio, Illinois, Maryland, Virginia, or the District of Columbia, the alleged places of incorporation or principal places of business of the insurance defendants. and would have had its effects in New Jersey, where Mendy resided. Since the claims against DNJ do not arise out of any activities of DNJ that were purposefully directed to Mississippi, there is no basis for the exercise of specific personal jurisdiction over DNJ.

[Brief at 4-5].

This court regards these as powerful arguments that DNJ is not subject to personal jurisdiction in this action, and it does not believe that plaintiff has seriously contested them in his response. In attempting to do so, plaintiff writes in his brief that:

> The underlying litigation arises from a January 2, 2023 collision on Interstate 59 in Mississippi. The Third Amended Complaint does not plead a purely New Jersey dispute. It alleges an insurance enterprise involving Drive New Jersey and other insurance entities, alleged coordinated conduct concerning Plaintiffs insurance coverage, and injuries and claims arising from the Mississippi accident. Drive New Jersey's motion treats the place where its policy was issued or cancelled as dispositive. It is not. The Fifth Circuit has explained that specific jurisdiction asks whether the defendant purposefully availed itself of the forum and whether the suit arises out of or relates to the defendant's contacts; strict causation is not required. *Ford Motor Co*., 592 U.S. at 362. And Pace confirms that Mississippi's 'doing business' prong may itself constitute the affirmative act supporting specific jurisdiction. 93 F.4th at 893-94.
>
> Drive New Jersey's argument also assumes the absence of Mississippi contacts rather than proving it. If Drive New Jersey contends it has no Mississippi business, licensing, claims activity, policy servicing, agents, adjusters, or enterprise-level contacts, those are facts peculiarly within Drive New Jersey's knowledge. A motion to dismiss is not the proper vehicle to prevent Plaintiff from testing those factual assertions through targeted discovery.
>
> The motion's reliance on Plaintiffs New Jersey residence does not eliminate the Mississippi forum. Plaintiff's residence is one fact. The forum's relationship to the challenged insurance enterprise and to the accident and resulting claims is another. The court should permit jurisdictional discovery before accepting DNJ's factual characterization.

[Brief at 4-5].

In the court's view, citations to vague principles of personal jurisdiction law do not serve to rebut the specific arguments raised in DNJ's brief, and the fact that plaintiff seeks "targeted discovery" merely serves as a tacit admission that, as it currently stands, his third amended complaint does not sufficiently allege facts which would support a conclusion that DNJ is subject to personal jurisdiction in this action. Moreover, the fact that plaintiff has repeatedly sought - and been granted - leave to file amended complaints asserting claims against a lengthy list of insurers leads this court to conclude that he should have given greater consideration to his claims *before* filing suit, rather than using legally insufficient complaints as a basis for a fishing

expedition regarding crucial facts such as jurisdiction. DNJ's motion to dismiss will therefore be granted.

It is therefore ordered that DNJ's motion to dismiss [161-1] for lack of personal jurisdiction is granted. The claims against this defendant are hereby dismissed without prejudice.

This, the 22nd day of October, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI